**SO ORDERED.**

**SIGNED this 26 day of August, 2010.**



*Dale L. Somers*
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

Opinion designated for on-line use but not for print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br> ALTERNATE FUELS, INC., <br>     DEBTOR. | CASE NO. 09-20173 <br> CHAPTER 11 |
| CHRISTOPHER J. REDMOND, in his capacity as Chapter 11 Trustee of Alternate Fuels, Inc. , <br><br>     PLAINTIFF, <br><br> v. <br><br> FOWLER LAND COMPANY, INC; CIMARRON ENERGY COMPANY, LLC; MISSOURI DEPARTMENT OF NATURAL RESOURCES; MISSOURI LAND RECLAMATION COMMISSION; MISSOURI LAND RECLAMATION PROGRAM; AND LARRY COEN, <br><br>     DEFENDANTS. | ADV. NO. 10-6033 |

# MEMORANDUM OPINION AND ORDER
# DENYING DEFENDANT FOWLER LAND COMPANY'S MOTION TO DISMISS

Following oral argument on June 18, 2010, the Court took under advisement the Motion to Dismiss Adversary Complaint for Declaratory Judgment (Doc. 33) (hereafter "Motion to Dismiss") filed by Defendant Fowler Land Company (hereafter "Fowler"). Having considered the arguments made to the Court, the Motion to Dismiss, the suggestions in support filed by Fowler (Doc. 34), and the Plaintiff Trustee's suggestions in opposition (Doc. 38), the Court is now ready to rule. For the reasons stated below, the Court denies the Motion to Dismiss.

**BACKGROUND FACTS.**

Fowler is the owner of land in Barton County, Missouri on which Debtor Alternate Fuels, Inc. (hereafter "AFI") conducted surface coal mining operations pursuant to a permit issued by the State of Missouri in 1991. Missouri law requires every operator, such as AFI, who has a permit to conduct surface mining activities to perform reclamation in accord with statutory law and to post various bonds guaranteeing the performance of reclamation. A plan was approved in conjunction with the issuance of the 1991 permit, but reclamation was not undertaken. In 2006, AFI's insurer, Continental Insurance Company, filed (and revised in 2007) a new reclamation plan with the Missouri Commission, which was approved by the commission on June 5, 2008.

On December 15, 2008, Fowler filed suit in Missouri state court against AFI and others, *Fowler Land Company, Inc. v. Alternate Fuels, Inc.*, pending in the Circuit Court

of Barton County, Missouri, as Case No.08BR-CV00734 (hereafter "Missouri State Court Proceeding").  The relief requested includes:  An order compelling AFI and others to reclaim Fowler's land; damages from AFI and others for loss of usage of Fowler's land; a prohibition on reclamation of Fowler's land pursuant to the 2008 reclamation plan; and a declaration that the 2008 reclamation plan is null and void.

On January 28, 2009, AFI filed for relief under Chapter 11.  The Statement of Financial Affairs reports no income from business for years 2006 through 2008, and the asset schedules report no real property, machinery of unknown value, and $4,910,807.63 in judgment proceeds on deposit with the Clerk of the United States District Court for the Western District of Missouri.  Those funds have been turned over to the Trustee.[1]  Scheduled liabilities are $10,969,807.58, comprised of $6,103,764.92 in secured claims, $1,618,703.51 in unsecured priority claims, and $4,685,043.54 in unsecured nonpriority claims.[2]  The liabilities are of essentially two types.  The first type is unliquidated claims arising from AFI's ongoing reclamation obligations in the State of Missouri, for which bonds have been posted by some creditors, such as Travelers, Continental, and Jenkins.  The second set is claims for money owed.  Debtor filed under Chapter 11 not for the purpose of reorganization of an ongoing business, but to resolve its reclamation liability and achieve payments of claims.  Since the filing date, no actions have been taken in the

---

[1] *See Alternate Fuels, Inc. v. United States*, Case no. 09-20173; Adv. no. 09-6018, doc. 33 (Bankr. D. Kan. July 31, 2009).

[2] Case no. 09-20173, doc. 17.

3

Missouri State Court Proceeding. The land mined by AFI, including Fowler's land, has not been reclaimed.

Fowler has resisted this Court's assumption of jurisdiction relating to the reclamation. On September 24, 2009, Fowler filed a motion for abstention as to the issues raised in the Missouri State Court Proceeding and for relief from stay to proceed with that litigation against AFI. By order filed on January 14, 2010, the Court denied the motion to abstain, because none of the claims alleged in the Missouri State Court Proceeding were then pending before this Court, and continued the hearing on the motion for relief from stay.[3] The order included the finding that "[r]eclamation on the Fowler land will be one of the Trustee's activities in this case. Accomplishment of that task will require resolution of the question of the appropriate reclamation plan under Missouri law."[4] The Trustee was ordered to file any and all pleadings in this Court which he finds appropriate to allow reclamation of the Fowler land to go forward.[5]

Thereafter, on March 15, 2010, the Trustee filed the instant Adversary Complaint against Fowler and the Debtor's codefendants in the Missouri State Court Proceeding. The Adversary Complaint is based upon the same largely undisputed facts as the Missouri State Court Proceeding and seeks a declaratory judgment on several of the issues raised in

---

[3] Case no. 09-20173, doc. 274.

[4] *Id.*, p. 3.

[5] *Id.*, p. 7.

4

the Missouri State Court Proceeding. The relief sought by the Trustee includes the following declarations:

    a. That the 2008 Reclamation Plan is procedurally and substantively proper pursuant to Missouri statute and corresponding law;

    b. That the Trustee should be allowed to proceed with the reclamation of Fowler's land pursuant to the 2008 Reclamation Plan;

    c. That the Bankruptcy Court shall retain jurisdiction and that Fowler must allow access to its real property to allow reclamation to proceed and to refrain from interference with or disruption to work as required by the Reclamation Plan; and

    d. Determining the amount of damages, if any, incurred for loss of usage of Fowler's land.[6]

Defendant Fowler now moves to dismiss the Complaint for lack of jurisdiction. The Trustee opposes dismissal. The other defendants in this Adversary Proceeding have not joined in the motion or supported the Trustee. The Missouri Land Reclamation Commission appeared at the argument and supported the Trustee's position.

**FOWLER'S ARGUMENTS IN SUPPORT OF DISMISSAL.**

Fowler moves to dismiss pursuant to Federal Rule of Bankruptcy Procedure 7012,[7] which incorporates Federal Rule of Civil Procedure 12(b)(1). That rule permits a party to

---

[6] Doc. 1.

[7] Future references to the Federal Rules of Bankruptcy Procedure in the text shall be to "Bankruptcy Rule __."

assert the defense of lack of subject matter jurisdiction by motion. Fowler's suggestions in support of its motion start with a recitation of the law of bankruptcy court jurisdiction. It then submits that under those principles, this Court lacks jurisdiction over the Adversary Complaint.

First, Fowler argues the filing of its proof of claim gave rise to only limited jurisdiction. Fowler's claim is for $177,400 based upon damages for AFI's delay to reclaim Fowler's land in accordance with the Missouri Surface Coal Mining Act, as alleged in Count II of the Missouri State Court Proceeding. Fowler submits that allowance of the claim would not place the validity of the 2008 Reclamation Plan in issue.

Second, Fowler argues that the State of Missouri's proof of claim likewise does not give rise to subject matter jurisdiction. That claim alleges that AFI has not completed its obligation to reclaim land and currently estimates that it will cost Debtor $700,000 to do so. Fowler's position is that the State's claim does not invoke the Court's subject matter jurisdiction since both AFI and the State of Missouri agree that the reclamation should proceed under the 2008 Reclamation Plan, so that as between these parties there is no case or controversy.

Third, Fowler argues that the Adversary Complaint is improper under Bankruptcy Rule 7001, since it seeks a declaratory judgment unrelated to any of the other categories of adversary proceedings enumerated in subsections (1) through (8) of the rule. Fowler summarizes its position as follows: "There is no actual controversy between the parties

6

with adverse interests as to the matters raised by the Complaint for Declaratory Judgment."[8]

**TRUSTEE'S ARGUMENTS IN OPPOSITION TO THE MOTION TO DISMISS.**

First, the Trustee responds that the issues raised in the Adversary Complaint will affect the bankruptcy estate for multiple reasons and are thus within the Court's "related to" jurisdiction. In the Complaint, the Trustee requests the Court to determine that the 2008 Reclamation Plan is procedurally and substantively proper under Missouri law, a position which Fowler opposes in the Missouri State Court Proceeding. The Trustee argues this determination will directly impact the administration of the estate. Second, the Trustee submits that the issues relating to Fowler's proof of claim are the same matters at issue in the Adversary Complaint and invoke the Court's subject matter jurisdiction as a core proceeding. Third, the Trustee argues that the issues presented in the Adversary Complaint constitute an actual case or controversy pursuant to the Declaratory Judgment Act. Finally, the Trustee argues that the Adversary Complaint is proper under Bankruptcy Rule 7001(9).

**ANALYSIS AND CONCLUSIONS OF LAW.**

The general principles of Bankruptcy Court subject matter jurisdiction are well established. This opinion will not be prolonged by examining them here. As examined below, the Court finds that the Trustee's arguments are correct. This Court has "related

---

[8] Doc. 34, p. 28.

7

Case 10-06033   Doc# 65   Filed 08/26/10   Page 7 of 16

to" jurisdiction as to the reclamation plan issues and "core" jurisdiction as to the issues raised in the Adversary Complaint which are implicated by the proofs of claim. Further, there is a case or controversy for purposes of the Declaratory Judgment Act, and the claims were properly brought as an adversary proceeding.

**A. The Claims of the Adversary Complaint are within the Court's "Related to" Jurisdiction.**

In relevant part, 28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." By Standing Order of the United States District Court for the District of Kansas exercising authority conferred by 28 U.S.C. § 157(a), all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code have been referred to the district's Bankruptcy Judges. A proceeding is related to a bankruptcy case if the outcome of that proceeding could conceivably have an effect on the bankruptcy estate.[9] For example, if the outcome of a proceeding could alter the debtor's liabilities, thereby impacting the handling and administration of the bankruptcy estate, it is related to the bankruptcy case.[10]

There is no doubt that resolution of the issues raised in the Adversary Complaint will impact the administration of the estate. The Trustee seeks a declaratory judgment that the 2008 Reclamation Plan is proper, that the Trustee should be allowed to reclaim

---

[9] *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990).

[10] *Id*.

Fowler's land pursuant to that plan, and that Fowler must refrain from interference with the Trustee's reclamation work. As this Court has previously noted, reclamation will be one of the primary functions of the Trustee in this case. Identification of the plan under which this action will proceed obviously impacts the administration of the estate.

**B. The Claims of the Adversary Complaint are within the Court's Core Jurisdiction.**

Bankruptcy judges may hear and determine all core proceedings arising under title 11.[11] The allowance or disallowance of a claim against an estate is a core proceeding.[12] Several of the issues raised in the Adversary Complaint are relevant to the determination of proofs of claim filed in this case.

For example, Fowler has filed a proof of claim seeking $177,400 for AFI's alleged failures to comply with the Missouri Surface Coal Mining Law.[13] The claim is comprised of compensation for loss of use of property, plus interest and attorney fees. The Adversary Complaint requests the Court to determine "the amount of damages, if any, incurred for loss of usage of Fowler's land."[14]

A second example arises from the State of Missouri's proof of claim for "approximately $700,000 for the obligation to reclaim land disturbed by debtor's surface

---

[11] 28 U.S.C. § 157(b)(1).

[12] 28 U.S.C. § 157(b)(2)(B).

[13] Proof of Claim no. 8-1.

[14] Doc. 1, p. 13.

9

mining activities in Vernon County, Missouri."[15] The basis for the claim is Debtor's failure to complete its obligation to reclaim land, an obligation which the Trustee intends to perform based upon the resolution of issues presented in the Adversary Complaint.

A third example arises from the requirement of Missouri law that every operator, such as AFI, who has a permit to conduct surface mining activities perform reclamation in accord with statutory law and post various bonds guaranteeing the performance of reclamation. At the time of the filing of the bankruptcy, AFI's sureties were exposed to potential liability. For example, Travelers Casualty & Surety Company, a surety, has filed a proof of claim for $1,203,110.04.[16] Calculation of the amount of the claim is based upon the 2008 Reclamation Plan, which was adopted pursuant to a settlement agreement between the sureties and the State of Missouri. The Adversary Complaint seeks a declaration that the 2008 Reclamation Plan is the controlling plan.

The foregoing examples convince the Court that the allowance or disallowance of the proofs of claim filed in this case will depend in part upon issues to be determined in this Adversary Proceeding. Fowler's argument that its proof of claim is independent of the issues raised in the Adversary Complaint is rejected. The position overlooks the fact that one of the matters on which the Trustee seeks a ruling is the amount of damages suffered by Fowler. Likewise, the Court rejects Fowler's argument that the proof of claim filed by the State of Missouri is independent of the Adversary Complaint. The fact that AFI and

---

[15] Proof of Claim no. 6-1 (This is one of four proofs of claim filed by the State of Missouri).

[16] Proof of Claim no. 3-1.

10

the State agree that the reclamation should proceed under the 2008 Reclamation Plan does not mean the Court lacks jurisdiction to determine the appropriate plan, particularly where Fowler, one of the land owners to be impacted by reclamation, contends that the 2008 Reclamation Plan is not valid. In addition, Fowler fails to consider any proofs of claim in addition to its own and that of the State of Missouri. As shown above, the issues raised by the Adversary Complaint will affect at least some of the additional proofs of claim filed in this case.

The Court therefore rejects Fowler's argument that the Adversary Complaint fails to invoke jurisdiction to determine core matters asserted in the proofs of claim.

**C. The Adversary Complaint Seeks Resolution of a Case or Controversy as Required by the Declaratory Judgment Act.**

Fowler also suggests that this Court lacks subject matter jurisdiction because there is no actual controversy as required by the Declaratory Judgment Act, 28 U.S.C. § 2201. That act provides in relevant part that, "[i]n a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[17] "It is well established that what makes a declaratory judgment action 'a proper judicial resolution of a case or controversy rather than an advisory opinion — is [ ] the settling of some dispute which

---

[17] 28 U.S.C. § 2201(a).

affects the behavior of the defendant toward the plaintiff.'"[18]  The Declaratory Judgment Act's "actual controversy" requirement is equated with the "case-or-controversy" requirement of Article III of the Constitution.[19]

As discussed above, the Court has subject matter jurisdiction over the claims asserted in the Adversary Complaint.  That discussion also amply shows that there is a case or controversy, even though the Trustee does not seek relief other than a declaration of the Court.  The outcome of the Adversary Proceeding will affect the Trustee's remediation obligation and the resolution of the proofs of claim filed by various parties.

Once a court finds that a declaratory judgment case is within its jurisdiction, the Declaratory Judgment Act provides that the court "may declare the rights and other legal relations of any interested party seeking such declaration."  The use of the word "may" is interpreted as granting discretion so that the court may decline to hear the suit if it determines that it does not warrant the court's attention.[20]  In this case, the Court will exercise its jurisdiction.  This Court has as a goal the expeditious determination of the issues which have stood in the way of reclamation of the land mined by AFI, including Fowler's property.  Retaining jurisdiction of this Adversary Complaint is an important step in that process.  Fowler is the only party contesting this Court's moving forward on the

---

[18] *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (q*uoting Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (internal quotation marks and emphasis omitted)).

[19] *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008).

[20] *Id.*, 531 F.3d at 1248.

12

issues presented; the sureties and the various Missouri defendants are not opposing submission of the issues raised by the Trustee in the Adversary Complaint to this Court.

**D. The Adversary Complaint will not be Dismissed for Alleged Non-compliance with Bankruptcy Rule 7001.**

Finally, Fowler argues that this case should be dismissed because it is improper under Bankruptcy Rule 7001. That rule lists matters which are adversary proceedings and includes in subsection (9) "a proceeding to obtain a declaratory judgment relating to any of the foregoing." Fowler argues that "a declaratory judgment action cannot in and of itself constitute an adversary proceeding unless there is another adversary proceeding in which it relates."[21] Since there is no other adversary proceeding pending, Fowler states this action was not properly brought. Fowler provides no authority for its position, which is a misinterpretation of subsection (9) of Bankruptcy Rule 7001.

Bankruptcy Rule 7001 begins by providing: "An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings." It then lists ten proceedings, such as a proceeding to recover money or property, a proceeding to determine the validity, priority, or extent of a lien, and a proceeding to object to or revoke discharge.[22] As to subsection (9), *Collier on Bankruptcy* states:

---

[21] Doc. 34, p. 27.

[22] Federal Rule of Bankruptcy Procedure 7001 provides in full as follows:

> An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:
> (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;

13

> Clause (9) of Rule 7001 requires that an adversary proceeding be brought in order to obtain a declaratory judgment relating to the types of relief covered by clauses (1) through (8) inclusive of Rule 7001.
>
> If declaratory relief falls outside of the types covered by those specified clauses, an adversary proceeding is unnecessary.[23]

In this case, the claims made in the Adversary Complaint do not directly fit into any of the eight enumerated proceedings listed in subsections (1) through (8). Therefore the Trustee's claim for declaratory relief could have been brought by motion as a contested matter in accord with Bankruptcy Rule 9014.[24]

The Court construes Fowler's argument as urging that the procedural irregularity is grounds for dismissal. The Court disagrees. First, Bankruptcy Rule 7001 is a rule of

---

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);
(3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property;
(4) a proceeding to object to or revoke a discharge;
(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;
(6) a proceeding to determine the dischargeability of a debt;
(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;
(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;
(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or
(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452.

[23] 10 *Collier on Bankruptcy* ¶ 7001.10 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. rev. 2010).

[24] *See Keeler v. Academy of Amer. Franciscan History, Inc. (In re Keeler)*, 257 B.R. 442, 444 (Bankr. D. Md. 2001) (noting that although declaratory judgment is usually sought in an adversary complaint, proceeding by motion is appropriate when the claim is in effect alleging that defendant is violating discharge order).

14

procedure, not a jurisdictional statute. Noncompliance with the bankruptcy rules is not a basis to dismiss under Federal Rule of Civil Procedure 12.[25]

Second, the list of proceedings in Bankruptcy Rule 7001 as constituting adversary proceedings is not exclusive.[26] The wording of the rule merely enumerates 10 matters which are adversary proceedings. It does not state that only the 10 matters may be brought as adversary proceedings. A commentator states:

> The list of adversary proceedings in the Rules is not exhaustive. "Related to" proceedings that would be litigated as civil actions in other courts may have to be commenced as adversary proceedings. Except when the Rules expressly require you to commence a proceeding by motion, there does not appear to be any prohibition against commencing an adversary proceeding.[27]

Third, the Court finds it appropriate that this declaratory judgment action proceed as an adversary proceeding rather than a contested matter. Normally a request for declaratory relief in a bankruptcy case is brought as an adversary proceeding.[28] Adversary proceedings are governed by nearly the full scope of the Federal Rules of Civil Procedure, which would apply if this action were brought in federal court outside of bankruptcy,

---

[25] The Court notes that Federal Rule of Civil Procedure 12 applies to the case only because it was brought as an adversary proceeding. Civil Rule 12 does not apply to contested matters.

[26] 8 William L. Norton, Jr., and William L. Norton III, *Norton Bankr. L. & Prac. 3d* § 160:5 at 160-11 (West, Thomson Reuters 2010) ("Most questions about the distinction [between an adversary proceeding and a contested matter] may be resolved by looking to Rule 7001, which . . . provides the nonexclusive list of adversary proceedings.").

[27] John Silas Hopkins III, *Adversary Proceedings in Bankruptcy*, 39 No. 6 Prac. Law. 55 (1993).

[28] *In re Keeler*, 257 B.R. at 444.

15

whereas if the claim were to proceed as a contested matter, fewer of these rules, particularly relating to discovery, would apply. The rights of the parties, including Fowler, are better protected under the adversary procedures. This Court agrees with the statement that "where the rights of the affected parties have been adequately protected and the parties have had an opportunity to be heard, form will not be elevated over substance, and the matter will be allowed to proceed on the merits as originally filed."[29]

**CONCLUSION**.

For the foregoing reasons, Fowler's Motion to Dismiss lack of jurisdiction pursuant to Rule 7012 is denied.

**IT IS SO ORDERED.**

# # #

---

[29] *In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994).